UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD L. MCCOY,

    Plaintiff,

v.                                             Case No. 8:25-cv-2930-WFJ-AEP

CHARLIE B. WELLS, *et al.*,

    Defendants.
_____/

## **ORDER**

Reginald L. McCoy, a federal prisoner, initiated this action by filing a *pro se* civil-rights complaint. (Doc. 1). Because Mr. McCoy did not pay the filing fee or move for leave to proceed *in forma pauperis*, the Court proceeds as if he seeks *in forma pauperis* status.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, by curtailing the number of meritless suits that a prisoner may bring without prepayment of the filing fee:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full when he initiates the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). He

"cannot simply pay the filing fee after being denied *in forma pauperis* status"; instead, he "must pay the filing fee at the time he *initiates* the suit." *Id.*

Mr. McCoy's prior actions dismissed as either frivolous, malicious, or for failure to state a claim include the following cases: *McCoy v. Genzman*, No. 8:13-cv-130-JSM-MAP (M.D. Fla.); *McCoy v. Castro*, No. 8:08-cv-1978-JDW-TBM (M.D. Fla.); *McCoy v. Casterline*, No. 4:03-cv-4439 (S.D. Tex.); and *McCoy v. Garcia*, No. 1:02-cv-2249-FAL-JDK (W.D. La.). Moreover, at least one federal district court previously informed Mr. McCoy that he qualified as a three-striker under § 1915(g). *See McCoy v. United States*, No. 1:22-cv-789-BAM, 2022 WL 2442794, at *1 (E.D. Cal. June 28, 2022), *adopted by* 2022 WL 3045088 (E.D. Cal. Aug. 2, 2022).

Thus, unless Mr. McCoy sufficiently alleges that he is under imminent danger of serious physical injury, the Court must dismiss his complaint under § 1915(g). Mr. McCoy has alleged no facts showing that he is under imminent danger of serious physical injury.

Because he has had at least three prior dismissals that qualify under § 1915(g) and he does not establish that he is under imminent danger of serious physical injury, Mr. McCoy is not entitled to proceed *in forma pauperis* in this case. Mr. McCoy may initiate a new civil-rights case by filing a civil-rights complaint and paying the $405.00 filing fee.

Accordingly, Mr. McCoy's complaint, (Doc. 1), is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). Mr. McCoy may file a new complaint in a new case upon payment of the $405.00 filing fee. The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 29, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE